## YONGE *vs.* THE PACIFIC M. S. S. COMPANY.

In an action against a common carrier for non-performance of his contract to carry a passenger, remote and contingent damages cannot be recovered: So *held,* in a case where the plaintiff, through the violation of the agreement of the defendants, was detained at New Orleans and at Panama, on his way to California, an unreasonable length of time, and the court charged the jury that the measure of damages would be the wages at the then rates in San Francisco during the period of such detention.

It *seems,* that evidence, showing that the plaintiff was a good bookkeeper, was proper to be submitted to the jury, to enable them to form an estimate of the damages which the plaintiff had probably sustained.

Although this court may be satisfied that the verdict of the jury is reasonable in amount, a new trial will be granted where an erroneous instruction has been given by the district judge, which may have influenced the verdict.

APPEAL from the district court of the district of San Francisco. The facts of the case, so far as they are material, will be found in the opinion of the court.

*Mr. Robertson,* for plaintiff.

*Hall McAllister,* for defendants.

Yonge *v.* The Pacific Mail S. S. Company.

*By the Court,* BENNETT, J. The action is against the defendants as common carriers of passengers, upon an alleged contract to carry the plaintiff from New Orleans to San Francisco. The only question for consideration arises upon the second charge of the district court, which was excepted to. The first and third points, upon which the district judge charged the jury, were correctly ruled by him.

On the second point made by the plaintiffs in error, the judge charged the jury as follows : " That it being shown in evidence " that the plaintiff was a good bookkeeper, and his servant an " able bodied man, the measure of damages would be the wages " at the then rate in San Francisco of a good bookkeeper and " able bodied working man during the period of the detention " of the plaintiff and his servant at New Orleans and Panama."

There are two objections to this instruction to the jury. First : It does not appear that the plaintiff is entitled to recover any thing whatever for the detention of his servant—for it is not shown that he has, in any way, a claim upon him for his services. Secondly : Conceding the above position to the plaintiff, an improper rule was prescribed by the district judge as the measure of damages. It may be, and probably was proper to admit evidence that the plaintiff was a good bookkeeper, but it should have been left to the jury to weigh the probabilities of his procuring employment at San Francisco immediately upon his arrival, and of such employment being continued during the entire period covered by the charge of the court. But the rule laid down by the district judge depends upon too many contingencies to admit of its being applied, as an absolute and fixed criterion, by which the damages of the plaintiff can be measured. We do not consider the verdict by any means as excessive in amount—but we do not sit to determine what it should have been under proper instructions from the court; and we cannot say what it would have been, had the charge excepted to not been given.

For this error the judgment should be reversed, and a new trial granted. Costs to abide the event.

Ordered accordingly.